# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| JEREMIAH JONES RICHARDSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV617-108 |
| | ) | CR616-010 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jeremiah Jones Richardson pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, docs. 1 & 160,[1] and was sentenced to 70 months' imprisonment, doc. 235. Nothing in either the plea agreement or judgment indicated that his federal sentence should be served concurrently to any sentence to be later imposed by the state of Georgia. *See* docs. 1 & 235.

Richardson was remanded back to state custody, *see* doc. 19 (writ of habeas corpus to procure him from state custody for federal proceedings), and three months later he was sentenced by a state court

---

[1] The Court is citing to the criminal docket in CR616-010 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

to 12 years' incarceration on related charges, to be served concurrently with his federal sentence. Doc. 327 at 4; *see also* http://www.dcor.state.ga.us /GDC/Offender/Query (noting 3 concurrent sentences for possession with intent to distribute and trafficking of methamphetamine). He has begun serving his state sentence at Coffee Correctional Facility, in Coffee County, Georgia, and asks the Court to order his "federal time to run concurrently with the state time" through a 28 U.S.C. §2255 motion to vacate, set aside, or correct his sentence. Doc. 327 at 4.

But § 2255 offers Richardson no succor here. That section only permits a challenge to the validity of the federal conviction or sentence itself, and Richardson mounts no such challenge. Thus, he must proceed under 28 U.S.C. § 2241, which allows challenges to the *execution* of a federal sentence, rather than its validity. *See Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2006); *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000). But Richardson has no such claim.

Richardson asks for his federal sentence to be rewritten to be served concurrently with his state sentence, which he is now serving. But nothing in his federal sentence suggests that it is to be served

concurrently with any state sentence, and his later-imposed state sentence cannot alter the federal sentence. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991). Because Richardson's federal sentence does not affirmatively order concurrent service of his federal and state sentences, it has not been executed unlawfully. He has no claim for relief this Court can provide, and his motion should be **DISMISSED** with prejudice.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

---

[2] That is not to say that Richardson lacks administrative options for the relief he seeks. He may ask his state custodians to request the Bureau of Prisons (BOP) to designate the state institution as the place to serve his federal sentence concurrently with his state sentence. BOP Program Statement 5160.05(9)(b)(5) states:

State Request. Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.

(a) The [Regional Inmate Systems Administrator (RISA)] will gather and review all information pertaining to the federal and state sentences. After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney. . . .

(b) If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.

"The [BOP] will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service." *United States v. Eccleston*, 521 F.3d 1249, 1252 n. 1 (10th Cir. 2008).

§ 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   21st   day of August, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4