UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JEREMIAH JONES RICHARDSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV617-108 |
| | ) | CR616-010 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. Richardson contends the Court erred in determining it could not amend his federal sentence to specify it should be served concurrently to any later-imposed state sentence under 28 U.S.C. § 2255. Doc. 334 at 1-4 (citing out-of-circuit cases for the position that 18 U.S.C. § 3584(a), rather than § 2255, permits a court "to decide whether sentences should be run concurrently.").

Section 2255, however, is a dead end for the relief he seeks. Richardson is referred again to the Bureau of Prisons (BOP). The BOP provides an administrative mechanism to designate his state institution

as the place to serve his federal and state sentences concurrently. *See* doc. 333 at n. 2 (quoting BOP Program Statement 5160.05(9)(b)(5)). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 31 day of August, 2017.

LISA GODBEY WOOD, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA